

Kim.63.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

FEB 29 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00104 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| MYUNG SUG KIM, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, MYUNG SUG KIM, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of a Superseding Indictment charging him with Criminal Conspiracy in violation of Title 18, United States Code, Sections 2 and 371. The government will move to dismiss Count II at sentencing.

2(a) The defendant, MYUNG SUG KIM, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of fraudulently issued Guam drivers licenses, illegal employment of aliens, and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including

- 1 -

but not limited to the offense(s) to which he is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 8 of this plea agreement, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States.

This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

3(a) The defendant, MYUNG SUG KIM, understands that the <u>maximum</u> sentence for Criminal Conspiracy to commit Fraud in Connection with Identification Documents in violation of 18 U.S.C. 371 and 1028(a)(1) is a term of five (5) years imprisonment, a $100,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(b) If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

3(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Criminal Conspiracy to commit Fraud in Connection with Identification Documents as charged pursuant to 18 U.S.C. § 371 and 1028(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

> <u>First</u>: beginning on or about the date charged, there was an agreement between two or more persons to commit the crime of fraud in connection with an identification document;
>
> <u>Second</u>: the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

> Third: one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with the jury unanimously agreeing on the particular overt act that it found was committed.

To be found guilty of Fraud in Connection with Identification Documents in violation of Title 18, United States code 1028(a)(1), the government must prove beyond a reasonable doubt:

> First: that the defendant knowingly and without lawful authority produced an identification document, authentication feature or a false identification document;
>
> Second: the production of this document was in or affected interstate or foreign commerce.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1961, and is a citizen of Korea.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) The defendant entered Guam September 2, 2004, on a Guam Tourist Visa Waiver, and failed to return to Korea within 15 days. Instead, he remained on Guam and became illegally employed. Because he was in the United States illegally, he was not eligible to secure a U.S. social security number or a U.S. taxpayer identification number (TIN) or any other document issued by the United States which would evidence his right to remain in the United States.

The Guam Motor Vehicle Division (MVD) regulations prohibit an alien from receiving a Guam drivers license unless he has proof that he is entitled to be in the United States, as evidenced either by an original social security card, an original, notarized letter from the Social

-4-

Security Administration authenticating his social security number, or an original letter from the Internal Revenue Service authenticating his TIN.

Defendant knew that regular drivers licenses could be illegally procured from the MVD. He knew that he had no social security number or other form of authentic United States identification, so that he would have to obtain the license using fraudulent documents. Defendant paid a man named Young Soo $500 to help him get a driver's license. He gave Soo his Korean passport and Korean driver's license. To the best of his recollection, defendant was instructed to go to the MVD on November 30, 2004, where he met Eun Young Lee, who helped him submit an application using a false and fraudulent taxpayer identification number. He took the written test at the University of Guam, which was proctored by Lee. Defendant was later advised by either Soo or Lee to go to the MVD and get his license. Defendant went to the MVD on December 9, 2004, and was issued license number 122 810 6732. Prior to paying his $5 fee, he received a printout of the biographical information on his license, which reflected the false TIN as his "Social Security/ID No." The production, issuance, transfer and use of this driver's license affected interstate and foreign commerce.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

6. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of

//
//

-5-

Case 1:06-cr-00104   Document 22   Filed 02/29/2008   Page 5 of 8

his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

7. Defendant understands that whether he has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

8. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

9. The defendant acknowledges that he has been advised of his rights as set forth below

prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

//
//
//
//

(i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 2-22-08

*(signature)*
MYUNG SUG KIM
Defendant

DATED: 2-22-08

*(signature)*
SAMUEL S. TEKER
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 2/28/08       By: *(signature)*
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 2/28/08

*(signature)*
JEFFREY J. STRAND
First Assistant U.S. Attorney

-8-